THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LOREE SMITH, | ) | Case No. 1:13CV28 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| THE ELVA GROUP, et al., | ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on a Motion to Dismiss Defendant Equity Trust based on lack of personal jurisdiction over Equity Trust and the existence of an alleged forum selection clause which establishes exclusive jurisdiction and venue for any dispute between Equity Trust and the plaintiff in Ohio (Docket #20).

## ANALYSIS

A plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984). For purposes of a motion to dismiss, "[a]llegations in the plaintiff's complaint are presumed true. The complaint will not be dismissed unless it appears that the plaintiff cannot prove facts entitling him to relief." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Plaintiff has asserted that this Court has subject matter jurisdiction under both 28 USC § 1331 and 28 USC § 1332. Because the court has determined that jurisdiction exists under the federal question analysis, the court will not discuss the alternate assertions addressed in the parties' briefs.

"[I]n federal question cases, personal jurisdiction flows from the Due Process Clause of the Fifth Amendment." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000). "The Supreme Court has not yet defined Fifth Amendment due process limits on personal jurisdiction." *Id.* at 1212. As such, in the 10th Circuit, "in a federal question case where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant." *Id.*

Among plaintiff's claims is a Federal RICO allegation against all of the defendants. When a civil RICO action is brought in district court where personal jurisdiction can be established over at least one defendant, summonses can be served nationwide on other defendants to serve the ends of justice. *See Cory v. Aztec Steel Building, Inc.*, 468 F.3d 1226 (10th Cir. 2006). Plaintiff thus argues because it is undisputed that jurisdiction over some of the defendants is proper, jurisdiction is proper for all defendants. Plaintiff further argues that because the majority of defendants are located in Utah, and because there is no other venue where all defendants could be haled into court, finding jurisdiction over defendant Equity Trust serves the "ends of justice."

Defendant does not dispute these assertions, but argues that jurisdiction and venue are unreasonable because of the forum selection clause contained within the Direction of Investment form purportedly signed by plaintiff. Defendant's argument is supported by an affidavit that states in relevant part: "On June 30, 2010, Equity's Texas Office received by facsimile a Direction of Investment form purportedly signed by Plaintiff Loree Smith directing Equity to transfer funds. . . ." Decl. of Michael Dea [Docket No. 20-1] ¶ 18. Plaintiff responds that "[a] casual glance at [the documents] reveals substantial differences between the signatures on the

two fraudulently executed documents and the signature on the properly executed document."
Pl.'s Memo. Opp. Mt. Dismiss [Docket No. 21] at 13.

The validity of the Direction of Investment form is disputed by the parties. At this early stage in the litigation the Court has not yet entered any findings of fact. To find that the Direction of Investment form is either valid or invalid would be tantamount to make a finding of material fact on this disputed issue. Despite defendant's affidavit asserting that they did receive by facsimile a Direction of Investment form, defendant's affidavit does not assert that the signature on the form was valid or that measures were taken to validate that signature. Rather, defendant's affidavit merely asserts that the form received was signed without rebutting the assertion by plaintiff that the signature was not plaintiff's signature. Thus, the Court has not been presented with sufficient evidence from either side regarding the validity of this signature. For purposes of a motion to dismiss, unless properly rebutted, plaintiff's facts as alleged in the complaint are presumed to be true. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). To rebut this presumption, the defendant must show that the plaintiff could not prove the facts as set forth under any set of circumstances. *Id.*

## CONCLUSION

Defendant's declaration does not rise to the necessary level of proof to rebut the presumption that Plaintiff's facts as alleged in the complaint are true. Because Defendant does not carry its burden in proving that the Direction of Investment form is valid, the Court will not consider the Direction of Investment form in deciding the issue. Accordingly, plaintiff has invoked jurisdiction based on a federal question that allows for nationwide service of process; and plaintiff has shown that this is the only venue where the action could be brought against all

defendants; and defendant has failed to show otherwise. The court finds that exercising personal jurisdiction over defendant Equity Trust is appropriate. Defendant's motion is denied.

SO ORDERED

DATED this 12th day of December ,2013.

BY THE COURT:

*David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT