IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LOREE SMITH, an individual<br><br>    Plaintiff,<br><br>v.<br><br>THE ELVA GROUP, LLC, a Utah limited liability company; STERLING TRUST COMPANY, a Texas corporation; ARMAND FRANQUALIN individually, DESTINY FUNDING, LLC, a Utah limited liability company; EQUITY TRUST COMPANY, a successor-in-interest to Sterling Trust Company,<br><br>    Defendants. | MEMORANDUM DECISION<br><br>Case No. 1:13-cv-00028-DS-DBP<br><br>District Judge David Sam<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). This dispute involves Plaintiff's investment in an alleged Ponzi scheme, using funds held by Defendant Equity Trust ("Equity") as custodian of Plaintiff's self-directed IRA. Plaintiff alleges that Equity transferred $42,000 to an alleged Ponzi scheme without Plaintiff's permission. Plaintiff also alleges that this is not the first incident involving both Equity and the investment into which Plaintiff's funds were transferred.

The case is before the Court on Plaintiff's motion to compel and for sanctions. (Dkt. 78.) The District Court partially granted and denied the motion with respect to Plaintiff's request to

compel certain discovery responses to "Set Two." (Dkt. 78.) Specifically the motion was granted as to categories 5, 6, and 8. (Dkt. 95 at 14.) The District Court denied the MTC as to all remaining categories. (*Id.* at 14, 25.) Thus, this Court examines the two topics not decided by the District Court: first, whether to compel additional initial disclosures, and second, whether to award Plaintiff expenses, fees, and sanctions for bringing the motion.

Next, the parties dispute whether Plaintiff properly moved to extend discovery. Even if Plaintiff moved to extend discovery, Equity argues that she stipulated to not extend discovery when the parties submitted the Joint Statement on Status, Stipulations and Scheduling. (Dkt. 91.)

Finally, the parties discussed the case at length, including discussion of the discovery completed to date. The parties also discussed the portion of the Motion to Compel addressed by the District Court. While the Court appreciates this information as a helpful background, this Decision does not disturb any portion of the Motion to Compel decided by the District Court.

## ANALYSIS

### I. Plaintiff is not entitled to additional initial disclosures from Defendant Equity Trust

Plaintiff seeks to compel Equity to supplement its initial disclosures with the identity and contact information of any current and former Equity employees that have information relevant to Plaintiff's case. (Dkt. 78 at 36.) Equity's initial disclosures at one time included a catchall provision for any "[o]ther current or former employees of Equity Trust" who are likely to have helpful information. (*E.g.* Dkt. 78-1.) Ultimately, Equity removed the catchall provision from their amended initial disclosures. Plaintiff believes Equity should have identified additional witnesses that Plaintiff believes have relevant information to her case.

The Court agrees with Equity; Rule 26 only requires it to disclose witnesses that it may use at trial, not witnesses helpful to Plaintiff. Rule 26 only requires a party to disclose witnesses it may

use "to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). A failure to properly disclose a witness may result in exclusion of the witness from subsequent hearings. Fed. R. Civ. P. 37(c)(1). Plaintiff has not demonstrated that Equity failed to meet its initial disclosure burden. Further, even to the extent Equity did fail to disclose a witness, the appropriate remedy is exclusion, not compelled disclosure.

## II.     Plaintiff's request for monetary sanctions is denied.

Plaintiff seeks fees and expenses for her bringing the motion to compel. Before the District Court, Plaintiff was only partially successful in her motion to compel. Likewise, this Court has denied Plaintiff's lone remaining request to compel discovery. In such circumstances the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The Court denies Plaintiff's request for fees and expenses because Plaintiff was only partially successful before the District Court, and she is unsuccessful on her motion to compel initial disclosures. Further, the circumstances here do not otherwise justify an award of expenses or fees to Plaintiff.

## III.    Discovery extension

There is no motion to extend all fact discovery before the Court. While Plaintiff contends that she requested a discovery extension in her Motion to Compel and for Sanctions, the proposed order does not indicated that she sought a discovery extension. (*See* Dkt. 78-2.) Likewise, the parties apparently stipulated to a number of discovery issues and Equity and their counsel understood that this stipulation disposed of Plaintiff's request to extend discovery. (Dkt. 91.) This stipulation was filed after the Motion to Compel and the stipulation specifically contemplated Plaintiff's request to extend discovery and extinguished Plaintiff's request to extend discovery. (*E.g. id.* at 1.) Accordingly, the Court concludes there is no pending motion to extend discovery properly before it.

Nonetheless, the Court recognizes that a liberal reading of Plaintiff's Motion to Compel suggests she could have been making an effort to extend discovery, at least for the specific subjects on which she moved to compel. Accordingly, the Court will consider whether to extend discovery to allow depositions related to the items compelled by the District Court. Specifically, the Court will examine whether a discovery extension should be granted for the deposition of Equity's internal investigator (identified during oral argument as Ms. Jackson), and the depositions of "the employees who received the subsequent statements"[1] ("Employees").

### A. Discovery shall be extended only to allow Plaintiff to take the deposition of Equity's internal investigator

The parties agree that the Court should look at six factors to determine whether there is good cause to amend the scheduling order:

1. Whether trial is imminent;
2. Whether the request is opposed;
3. Prejudice to the non-moving party;
4. Diligence by the moving party;
5. Foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court;
6. The likelihood the discovery will lead to relevant evidence.

(Dkt. 86 at 8–9; Dkt. 87 at 4.)The Court finds as follows regarding those issues:

*1. Trial is not imminent.*

Plaintiff correctly notes that courts have found trial not imminent even when trial was more proximate than this one. This factor weighs in favor of an extension.

*2. The request is opposed.*

Equity opposes the request to extend discovery. This factor weighs against an extension.

---

[1] Equity alleged in its cross-claim that it took certain actions pursuant to "subsequent statements to Equity Trust . . . ." (Dkt. 29 at 28.)

> *3. Defendant may suffer some prejudice as a result of reopened discovery in the form of disproportionate discovery.*

The parties have already engaged in prolonged discovery in this matter, despite the relatively small amount in controversy ($42,000). Nonetheless, Equity rightly conceded during oral argument that the prejudice arguments against extending discovery were not as strong with respect to the internal investigator's deposition. This factor weighs against an extension to take the Employee depositions, but in favor of the internal investigator's deposition.

> *4. Plaintiff narrowly demonstrated sufficient diligence as it pertains to the internal investigator.*

Several events suggest Plaintiff was not perfectly diligent during discovery. First, Equity stipulated to three discovery extensions. Plaintiff attempts to blame Equity for her delay, but Equity's conduct does not explain Plaintiff's delay in seeking additional information on these issues sooner, whether by deposition notice or otherwise. Specifically, despite having ETC00043 since mid-2014, Plaintiff never made a discovery request to identify its authors, nor did Plaintiff request to depose them prior to the close of discovery.

Nonetheless, while Plaintiff did not file a motion to compel the depositions of these individuals, or notice them during the discovery period, she at least sought documents related to these individuals in her Motion to Compel (although, that motion was filed only after the close of fact discovery). Giving Plaintiff the benefit of the doubt, she may have only realized the need for a deposition of the internal investigator after her Motion to Compel was partially granted. During the hearing before the District Court, Equity indicated there is no such report, but it would identify the person who conducted the internal investigation. (Dkt. 95 at 22.) Likewise, during oral argument before this Court, Plaintiff indicated that counsel made attempts to contact the internal investigator. Based on the foregoing, this factor weighs slightly in favor of an extension to take the investigator's deposition, but against taking the Employee depositions.

> *5. The need for additional discovery was not "foreseeable"[2] because the District Court allowed a period of about one year for fact discovery.*

Plaintiff blames Equity by arguing that its conduct necessitated the discovery here; however Plaintiff does not address the amount of time the District Court provided. Plaintiff had over a year to complete discovery, but elected to take her first deposition nearly eight months after she filed this case. This factor weighs against an extension. *See Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (finding eight-month period during which depositions could have been taken to be sufficient)

> *6. The deposition of the internal investigator appears relevant, but the Employee depositions do not.*

Plaintiff meets the threshold requirements of relevance for the proposed deposition of the internal investigator. The investigator is likely to have information relevant to the issues in this case and may be able to provide helpful factual detail. Depositions of the Employees, on the other hand, are not reasonably calculated to lead to discovery of admissible evidence. The Employees made data entries on a document Equity produced during discovery in 2014: ETC 00043. This record appears to memorialize internal communications at Equity regarding the transfer of Plaintiff's funds. Equity proffered that a high volume of these transactions takes place each day. It is thus unlikely that these employees will remember the details of each transaction. Moreover, even if they did, the record itself contains the Employees' contemporaneous notes of the communications. Thus, this factor weighs against taking the Employee's depositions, but in favor of taking the internal investigator's deposition.

---

[2] Foreseeability turns on whether the discovery period ordered by the court was so short it was foreseeable that an extension would be necessary. *Smith v. United States*, 834 F.2d 166, 169–70 (10th Cir. 1987).

Based on the Court's findings above, and for the reasons stated on the record during the May 15, 2015 hearing, the Court will grant Plaintiff's request to extend discovery for the limited purpose of deposing the internal investigator, and will deny the request to extend discovery to depose the Employees. Plaintiff has until June 15, 2015 (thirty days from the hearing) to depose the investigator. The parties may extend this deadline by mutual agreement until no later than June 30, 2015.

### IV.     Civility and Professionalism

Counsels' conduct unfortunately warrants mentioning here. Both in the briefing and during oral argument the Court witnessed conduct that fails to meet the Utah Standards of Professionalism and Civility imposed on litigants practicing in this District. *See* D.U. Civ. R. 83-1.1(g). Both parties in this matter have implied or overtly suggested that their opponent has acted with improper motives, or not in good faith. This conduct is improper under Standards 1 and 3:

> Lawyers shall advance the legitimate interests of their clients, without reflecting any ill-will that clients may have for their adversaries, even if called upon to do so by another. Instead, lawyers shall treat all other counsel, parties, judges, witnesses, and other participants in all proceedings in a courteous and dignified manner.
>
> . . .
>
> Neither written submissions nor oral presentations should disparage the integrity, intelligence, morals, ethics, or personal behavior of an adversary unless such matters are directly relevant under controlling substantive law.

D.U. Civ. R. App'x V. The Court intentionally omits any particular reference to either party's conduct. Each side has acted contrary to these Standards. Instead, the Court issues a warning to each side to follow the Utah Standards of Professionalism and Civility, at all times. As the rules indicate, this extends both to written and oral submissions. Future violations may result in adverse consequences for the parties, their counsel, or both. Additionally, the Court wishes to

clarify that it refers to these matters not to embarrass or impugn counsel. Instead, the Court is merely attempting to nip a problem in the proverbial bud.

## V.     Equity's Motion for Protective Order is moot.

Equity Trust moved for a protective order prohibiting the depositions of two of its employees: Jeff Thompson and Jeff Kelly. (Dkt. 68.) The parties filed a joint statement indicating that this motion is moot. (Dkt. 91 at 4.) During oral argument, the parties confirmed that this motion is moot. Accordingly, the Court finds the motion is moot. (Dkt. 68.)

## ORDER

Based on the foregoing, the Court hereby

**DENIES IN PART AND GRANTS IN PART** Plaintiff's Motion to Compel. (Dkt. 78.) Plaintiff may take the deposition of Equity's internal investigator, Ms. Jackson, no later than June 15, 2015. The parties may stipulate to extend this deadline to no later than June 30, 2015. The remaining requests in the Motion to Compel are denied, including the request for fees and expenses. This Decision does not impact the portions of the Motion already determined by the District Court, nor the motion for reconsideration recently filed by Plaintiff.

**FINDS MOOT** Equity's Motion for Protective Order. (Dkt. 68.)

Dated this 15th day of May, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge