IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LOREE SMITH, an individual<br><br>    Plaintiff,<br><br>v.<br><br>THE ELVA GROUP, LLC, a Utah limited liability company; STERLING TRUST COMPANY, a Texas corporation; ARMAND FRANQUALIN individually, DESTINY FUNDING, LLC, a Utah limited liability company; EQUITY TRUST COMPANY, a successor-in-interest to Sterling Trust Company,<br><br>    Defendants. | MEMORANDUM DECISION<br><br>Case No. 1:13-cv-00028-DS-DBP<br><br>District Judge David Sam<br><br>Magistrate Judge Dustin B. Pead |

## **INTRODUCTION**

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). This dispute involves Plaintiff Loree Smith's ("Plaintiff") investment in an alleged Ponzi scheme, using funds held by Defendant Equity Trust ("Equity") as custodian of Plaintiff's self-directed IRA. Plaintiff alleges that Equity transferred $42,000 to an alleged Ponzi scheme without Plaintiff's permission. Plaintiff also alleges that this is not the first incident involving both Equity and the investment into which Plaintiff's funds were transferred. The case is before the Court on Plaintiff's "Motion to Compel Further Testimony from Defendant Equity Trust Company

Regarding Jurisdiction" (Dkt. 103.) and Equity's unopposed "Rule 30(d)(3) Motion to Limit." (Dkt. 109.)

## ANALYSIS

### I. Plaintiff is not entitled to additional testimony from Defendant Equity Trust

Plaintiff seeks to compel a third deposition of Equity. Plaintiff first argues that Equity, instead of filing an objection, should have filed a motion for protective order if it intended to limit the topics contained in Plaintiff's deposition notice. Plaintiff then argues that Equity improperly refused to answer several deposition questions on the basis that those questions were beyond the scope of authorized discovery, beyond the scope of Plaintiff's notice, were privileged, or had been asked and answered. Plaintiff also seeks to recover fees and costs for any future deposition. Finally, Plaintiff asks that the Court to stand by during the next deposition to immediately handle problems that Plaintiff expects to encounter.

Equity argues that it did not need to file any motion for a protective order because the scope of the deposition had already been limited by the District Court's order authorizing the deposition. Equity states that it did answer all questions related to personal jurisdiction and believes it was fairly permissive in allowing questions even beyond that scope. Equity then argues that it was justified in not responding to certain of Plaintiff's questions on the ground provided in Rule 30(c) (*e.g.* preserving privilege, enforcing court-ordered limitations, presenting a motion to terminate or limit the deposition). Equity opposes Plaintiff's motion for sanctions on the grounds that its actions were "substantially justified." Finally, Equity argues that Plaintiff should be denied any further deposition because she cannot demonstrate that such a deposition is consistent with the considerations in Rule 26(b)(2)(C)(iii).

### a. Plaintiff improperly frames this dispute.

At the outset, Plaintiff has improperly framed this discovery dispute in the context of this case. The second 30(b)(6) deposition was authorized after Plaintiff filed a motion seeking to extend "discovery into whether the Court has personal jurisdiction over Equity Trust Company ('Equity')." (Dkt. 70.) In her motion, Plaintiff repeatedly represented to the Court that her ex parte motion was limited to jurisdictional issues. (*Id. passim*.) Based on those representations, the District Court granted Plaintiff "leave to conduct discovery into whether the Court has personal jurisdiction over Equity Trust Company ('Equity')." (Dkt. 75.) Plaintiff also filed a separate motion to extend discovery generally. (*See* Dkt. 69.) The parties ultimately reached an agreement on the general discovery extension. (*See* Dkt. 106 at 3–4.) Plaintiff has not demonstrated that the parties' stipulation extended the subject matter of the second deposition of Equity's designee. Thus, that deposition was limited to topics regarding personal jurisdiction.

This conclusion affects many issues in Plaintiff's motion. For example, Equity did not need to move for a protective order to limit deposition topics to jurisdictional issues; the Court's order authorizing the deposition had already limited its scope. Fact discovery had closed and Equity had already been subjected to a 30(b)(6) deposition during ordinary fact discovery.

### b. Plaintiff has not identified any information regarding jurisdictional issues that she was improperly denied during the deposition.

First, Plaintiff has not identified any particular information of which she was improperly deprived during the deposition. She instead cites to each objection raised by Equity and asserts that she is entitled to take another deposition of Equity. Equity, on the other hand, discusses a number of topics relevant to personal jurisdiction about which it testified during the deposition. (Dkt. 108 at 8–9.) Defendant has also shown that it was justified in raising several of its objections. For example, Equity's counsel instructed the witness not to answer a question about

Equity's awareness of a motion to compel filed in this case. Equity offered Plaintiff's counsel the opportunity to explain how the question related to the issue of personal jurisdiction, but counsel could not do so. His only response was that "Equity is a Defendant." (Dkt. 108 at 10.) The Court agrees with Equity that this question went beyond the scope permitted by the District Court's Order. Counsel's observation about Equity's status as Defendant fails to make the question relevant to the Court's personal jurisdiction over Equity.

Likewise, Plaintiff asserts that Equity's designee should have answered a question about whether he "personally directed any document be produced" in this case. (Dkt. 103 at 17.) Equity objected based on attorney-client privilege. The Court sustains the objection. Plaintiff cites to *Upjohn* and a case from the District of Nevada for the proposition that the attorney-client privilege protects communications, not facts. (*Id.*) Plaintiff continues: "There is no factual information in the question, and therefore there is no basis to instruct Dea not to answer." Plaintiff's own proposed rule fails to support her own argument. Likewise, while *Upjohn* held that facts could not be concealed by communicating them to an attorney, it did not authorize exploration of an organization's communications with its attorney regarding discovery. *See Upjohn Co. v. United States*, 449 U.S. 383, 395-96, (1981). It is difficult to imagine with whom Equity would have communicated to direct production in this case other than its attorney. Such communications are privileged.

Plaintiff does not refute any of Equity's arguments concerning these specific objections. Instead, she steadfastly refuses to identify any particular piece of information that she was unfairly denied, asserting that "all of [her questions] should be answered, and at a new deposition." (Dkt. 115 at 3.) The Court disagrees. Equity has justified a number of specific objections it raised. Plaintiff does not rebut this showing in her reply. Instead, she argues that

some appropriate objections by Equity do not justify all of its objections. The Court agrees with this abstract principle, but it does not avail Plaintiff here.[1] It is incumbent on Plaintiff, as the moving party, to demonstrate she was improperly denied information to which she is entitled. Perhaps Plaintiff lumps all the objections together in the hopes that the Court will sift through the entire deposition and pick and choose a number objections of which it disproves and order a new deposition. Such a course essentially requires this Court to act as Plaintiff's advocate. The Court cannot and will not do so. Thus, the Court will not compel a third deposition of Equity.

### c. Expenses

Finally, the Court finds that an award of expenses is unjustified here. Plaintiff is unsuccessful in her motion to compel and is not entitled to expenses. Nonetheless, the Court also declines to award expenses to Equity. The Court is convinced after reviewing the deposition transcript that both parties share responsibility for this dispute. Counsel for both parties engaged in antagonistic conduct that exacerbated the dispute here. The Court will not award fees to either side because it does not condone counsel's conduct during the deposition. Such "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The Court appreciates the manner in which both sides briefed the motion to compel. The parties are encouraged to extend the same civility to one another during deposition.

### d. Equity's motion to limit the second deposition of its designee

Finally, Plaintiff has not responded to Equity's unopposed "Rule 30(d)(3) Motion to Limit" (Dkt. 109.), and the time to do so has expired.  D. Utah Civ. R. 7-1(b)(3)(B) (requiring parties to file opposition memorandums to such motions "within fourteen (14) days after service

---

[1] This same conclusion applies to most arguments raised by Plaintiff. She often makes valid legal points regarding procedure in a deposition, but ultimately fails to demonstrate that she was unfairly denied any information related to personal jurisdiction.

of the motion . . . ."). Therefore, the Court **GRANTS** the motion for the reasons articulated by Equity therein. (Dkt. 109.) *See* D. Utah Civ. R. 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").

## ORDER

Based on the foregoing, the Court hereby:

**DENIES** Plaintiff's Motion to Compel. (Dkt. 103.)

**GRANTS** Equity's "Rule 30(d)(3) Motion to Limit." (Dkt. 109.)

Dated this 31st day of July, 2015.          By the Court:

_____
Dustin B. Pead
United States Magistrate Judge